IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD SUTTON, #210657, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-355-TWO |
| ) | |
| ) | |
| SGT. McKEE, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Ronald Sutton ["Sutton"], a state inmate, challenges actions taken against him at the Kilby Correctional Facility and the Bibb County Correctional Facility. The plaintiff is presently incarcerated at the latter correctional institution.

Upon review of the factual allegations presented in this complaint, the court concludes that, in the interest of justice and for the convenience of the parties, the plaintiff's claims arising from actions which occurred during his confinement in the Bibb County Correctional Facility should be dismissed without prejudice so that Sutton can file a complaint raising such claims in the appropriate federal court. The court further concludes that the plaintiff's challenge to the destruction of his personal property while incarcerated at the Kilby Correctional Facility is due to be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] A prisoner allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires a federal court to dismiss a prisoner's civil action or any claim therein prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Dockets.Justia.com

## I. DISCUSSION

### A. The Bibb County Claims

The plaintiff complains that correctional officials at the Bibb County Correctional Facility destroyed his personal property and legal work. He names Cheryl Price, the warden of Bibb County Correctional Facility, and Capt. Fredrick Freeman and Sgt. McKee, correctional officers employed at this facility, as defendants on these claims.

The Bibb County Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama. A review of the plaintiff's recitation of the facts indicates that the defendants personally involved in the alleged violations at the Bibb County Correctional Facility reside in the Northern District of Alabama. Moreover, the facts and circumstances underlying these claims are separate and distinct from those claims arising during Sutton's confinement at the Kilby Correctional Facility. Thus, it is clear that the claims presented in the instant complaint challenging actions taken against the plaintiff during his confinement in the Bibb County Correctional Facility should be dismissed without prejudice to allow the plaintiff an opportunity to file a complaint raising these claims in the appropriate federal court.

### B. The Destruction of Personal Property at Kilby[2]

---

[2] The court construes the claim challenging destruction of Sutton's legal material as an access to court claim.

Sutton asserts that defendants McDonnell, Bullard and Dunson violated his constitutional rights when, upon his transfer to Kilby Correctional Facility from Tallahatchie County Correctional Facility in Tutwiler, Mississippi, they destroyed his personal property and legal materials. However, the court concludes that under no set of facts has the plaintiff presented a constitutional violation with respect to the destruction of his personal property.

> "If the [items taken from the plaintiff were] not returned because of [the defendants'] negligence, there has been no unconstitutional deprivation of property. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (negligent loss of property does not rise to the level of a constitutional violation.) If [the defendants] intentionally refused to return the [personal property Sutton claims he was authorized to possess], plaintiff has not alleged a constitutional violation. In *Hudson v. Palmer* the Court ruled that an 'unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause . . . if a meaningful postdeprivation remedy for the loss is available.' 104 S.Ct. at 3202, 82 L.Ed.2d at 407.

*Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986).

The State of Alabama, through its Board of Adjustment, provides a meaningful post-deprivation remedy for Sutton to seek redress for the loss of his personal property. *Ala. Code* § 41-9-60 *et seq*. Consequently, the plaintiff's allegation that the defendants violated his constitutional rights upon the destruction of his personal property, whether such was the result of negligence or an intentional act, entitles him to no relief from this court. This claim is therefore subject to dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims arising from actions taken against him during his incarceration at the Bibb County Correctional Facility be dismissed without prejudice to the rights of the plaintiff to file a separate 42 U.S.C. § 1983 action in United States District Court for the Northern District of Alabama.

2. Cheryl Price, Capt. Freeman and Sgt. McKee be dismissed as parties to this cause of action.

3. The plaintiff's claim challenging the destruction of his personal property during his confinement at the Kilby Correctional Facility be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

4. The plaintiff's claim challenging the destruction of his legal materials at the Kilby Correctional Facility be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before **May 7, 2005** the parties shall file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 26th day of April, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE